UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**EDWARD REED,**

                   **Petitioner,**

            v.                                            9:15-CV-1169
                                                              (FJS/CFH)

**HAROLD GRAHAM, Superintendent,**
**Auburn Correctional Facility,**

                   **Respondent.**
_____

**APPEARANCES**                                      **OF COUNSEL**

**EDWARD REED**
**07-A-0202**
Auburn Correctional Facility
P.O. Box 618
Auburn, New York 13021
Petitioner *pro se*

**OFFICE OF THE NEW YORK**           **PAUL B. LYONS, AAG**
**STATE ATTORNEY GENERAL**
120 Broadway
New York, New York 10271
Attorneys for Respondent

**SCULLIN, Senior Judge**

## ORDER

In an Order dated July 7, 2017, this Court accepted Magistrate Judge Hummel's May 24, 2017 Report-Recommendation and Order in its entirety and denied Petitioner's petition for a writ of habeas corpus. *See* Dkt No. 22. On the same date, the Court entered judgment dismissing the action for the reasons stated in its Order. *See* Dkt. No. 23.

In its July 7, 2017 Order, the Court noted that Petitioner, despite the Court granting his

letter request for an extension of time in which to file objections, had not done so. *See* Dkt. No. 22 at 2. After it had entered its Order and Judgment, the Court discovered that Petitioner had, in fact, filed objections to Magistrate Judge Hummel's recommendations. *See* Dkt. No. 24. In light of the filing those objections, the Court will vacate its July 7, 2017 Order an Judgment, *see* Dkt. Nos. 22-23, and conduct the appropriate review of Magistrate Judge Hummel's recommendations in light of Petitioner's objections.

A district court reviews a magistrate judge's recommendations *de novo* as to those parts of the report-recommendation to which a party specifically objects. *See* 28 U.S.C. § 636(b)(1)(C). On the other hand, a court reviews those parts of the report-recommendation to which the parties do not object or to which they offer "'only frivolous, conclusive or general objections'" for clear error. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 281 F. Supp. 2d 436, 439 (N.D.N.Y. 2003) (quotation and other citation omitted).

Petitioner states that he objects to the report-recommendation in its entirety. *See* Dkt. No. 24 at 2. He then recites his objections to Magistrate Judge Hummel's factual and legal conclusions regarding several issues. *See id.* at 2-6. Finally, he appears to argue that the state courts never provided him with "'meaningful' assistance of counsel to correct ineffective assistance of trial counsel, where as here . . . the record is replete with examples of failure to object that can have no basis in a counselor's strategy." *See id.* at 6. On the basis of these objections, Petitioner asks the Court to "(1) hold this petition in abeyance, (2) Assign counsel to [him] to address issues of ineffective assistance of counsel that [he] has demonstrated in his petition, . . . (3) address issues of prosecutorial misconduct . . . and (4) That an investigation be started for criminal practices by the Onondaga District Attorney's office in the instant case, also as a matter of record in *Rivas v. Fischer*, 687 F.3d 514 (C.A.2 (N.Y.) 2012) where this same

District Attorney did falsify evidence through his medical examiner." *See id.* at 6-7.

Many of Petitioner's objections are conclusory and others merely reiterate the arguments that he made in support of his petition, all of which Magistrate Judge Hummel thoroughly addressed. Moreover, some of the relief that Petitioner seeks is beyond the scope of the relief that this Court could award even if Petitioner were to prevail on his petition. Finally, many of Petitioner's objections are based on his misconceptions about the proper legal standards that a federal habeas court must apply in reviewing a state-court judgment under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA).

As Magistrate Judge Hummel explained, the AEDPA

> provides that, when a state court has adjudicated the merits of a petitioner's claim, a federal court may grant an application for a writ of habeas corpus only if "the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(e). *See also, e.g., Noble v. Kelly*, 246 F.3d 93, 98 (2d Cir. 2001); *Brown v. Alexander*, 543 F.3d 94, 100 (2d Cir. 2008). . . . This is a "difficult to meet," and "highly deferential standard for evaluating state-court rulings, which demands that state court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (citations omitted).

*See id.* at 9-10 (internal footnote omitted).

Magistrate Judge Hummel further explained that,

> [u]nder section 2254(d)(1), a state-court decision is contrary to clearly established Supreme Court precedent if its "conclusion on a question of law is 'opposite' to that of the Supreme Court or if the state court decides a case differently than the Supreme Court's decision 'on a set of materially indistinguishable facts.'" *Id.* (quoting *Williams v. Taylor*, 529 U.S. 362, 413 (2000)). A state court decision involves an unreasonable application of clearly

> established Supreme Court precedent if it correctly identifies the governing legal principle, but unreasonably applies or unreasonably refuses to extend that principle to the facts of a particular case. *See Williams*, 529 U.S. at 413; *Ramdass v. Angelone*, 530 U.S. 156, 166 (2000).

*See id.* at 10.

Finally, as Magistrate Judge Hummel noted, in conducting its review, the federal habeas court must presume that "a state court's factual findings are . . . correct, unless that presumption is rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1)." *See id.*

The Court's *de novo* review of all of Magistrate Judge Hummel's findings of fact and conclusions of law, in light of Petitioner's objections, leads inescapably to the conclusion that Magistrate Judge Hummel applied the correct legal standards to each of Petitioner's grounds for habeas relief and reached conclusions consistent with those legal standards. Although Petitioner disagrees with Magistrate Judge Hummel's findings and conclusions, both legal and factual, such disagreement is not a basis for rejecting those findings and conclusions. In summary, the Court finds that, to the extent that Petitioner raises appropriate objections and seeks relief that is cognizable under the AEDPA, those objections are without merit. Furthermore, to the extent that Petitioner seeks relief that is beyond the scope of this Court's authority under the AEDPA, the Court denies those objections.

Accordingly, having reviewed the entire file in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that the Court's July 7, 2017 Order and Judgment, *see* Dkt. Nos. 22-23, are **VACATED**; and the Court further

**ORDERS** that Magistrate Judge Hummel's May 24, 2017 Report-Recommendation and Order is **ACCEPTED in its entirety** for the reasons stated therein; and the Court further

**ORDERS** that Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, *see* Dkt. No. 1, is **DENIED**; and the Court further

**ORDERS** that no Certificate of Appealability shall be issued with regard to any of Petitioner's claims because he has not made a "substantial showing of the denial of a constitutional right" as 28 U.S.C. § 2253(c)(2) requires. *See* 28 U.S.C. § 2253(c)(2) (providing that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right").

**IT IS SO ORDERED.**

Dated: July 11, 2017
Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge